Filed 12/19/23  P. v. Williams CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LATEEF WILLIAMS,<br><br>  Defendant and Appellant. | 2d Crim. No. B328398<br>(Super. Ct. No. 2019027191)<br>(Ventura County) |

Lateef Williams appeals from a judgment of conviction entered after his plea to one count of second degree burglary. (Pen. Code, § 459.)[1]

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues.  On October 2, 2023, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On October 10, 2023, the notice was returned unopened and marked,

_____

1  All further statutory references are to the Penal Code.

"return to sender, not in custody." Neither appellant nor his counsel has provided any information regarding appellant's current address after his release from custody. No supplemental brief was filed.

In August 2019, appellant attempted to enter the victim's home while she and her three-month-old baby were asleep in the bedroom. After awakening to a loud noise, the victim observed appellant walking around the backyard wearing only a t-shirt, talking to himself and masturbating. Appellant broke a kitchen window and had his upper body inside the house when law enforcement arrived and ordered him to stop. He complied and was arrested.

In January 2023, appellant pleaded guilty to second degree burglary (§ 459), admitted the aggravating factors (Cal. Rules of Court, rule 4.421(b)(1), (b)(3)), and also admitted the prior strike offense (§§ 667, 1170.12). At that same hearing, appellant pleaded guilty to one count of felony vandalism in a separate case (§ 594, subd. (b)(1)).

Neither of the charges required mandatory sex offender registration (§ 290, subd. (c)(1)), there was no discussion of sex offender registration at the plea hearing, and the sex offender registration admonition was crossed out on the plea form appellant signed.

In March 2023, appellant appeared for sentencing on both matters and was represented by stand-in counsel. The trial court sentenced appellant to 7 years 4 months with credit for 2,588 days time served. In addition, it ordered him to register as a sex offender pursuant to section 290.

In April 2023, after appellant was released on parole, his parole agent filed a petition for revocation alleging appellant had

failed to charge his GPS monitoring device and possessed drug paraphernalia.

In May 2023, the parties, along with appellant's original attorney, returned to court to address concerns about the terms of appellant's sentence. Appellant's attorney requested the trial court strike the sex offender registration requirement, or in the alternative, consider allowing appellant to withdraw his plea. The trial court took the request under submission.

The trial court granted appellant's request to strike the registration requirement and ordered an amended abstract of judgment to be filed.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.
NOT TO BE PUBLISHED.


YEGAN, acting P. J.


We concur:


BALTADANO. J.


CODY, J.

3

Bruce A. Young, Judge
Superior Court County of Ventura

_____

Richard Lennon and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.